IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCOIS DENIS REY; ROBERT NORTON MORAN,<br><br>Plaintiffs,<br><br>vs.<br><br>BSI FINANCIAL SERVICES, et al.<br><br>Defendants. | CIVIL NO. 19-00104 JAO-RT<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

Before the Court is pro se Plaintiffs Francois Denis Rey and Robert Norton Moran's (collectively, "Plaintiffs") Motion to Remand, filed on September 29, 2020. ECF No. 37. The Court finds this Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

Plaintiffs ask the Court to remand this action to the Circuit Court of the First Circuit, State of Hawaiʻi because there is a foreclosure proceeding against them in state court and this case is integral to their defense. The existence of separate state court proceedings is not a basis for remand under 28 U.S.C. § 1447(c) and even if it was, this Motion is untimely. Pursuant to § 1447(c), motions to remand "on the

basis of any defect other than lack of subject matter jurisdiction must be made *within 30 days after the filing of the notice of removal under section 1446(a).*" 28 U.S.C. § 1447(c) (emphasis added).

Defendant Bank of America, N.A., removed this case from state court on the basis of diversity jurisdiction[1] March 1, 2019, and filed an amended notice of removal on March 4, 2019.  The deadline to file a motion to remand for any defect other than lack of subject matter jurisdiction—though no legitimate defects are identified here—expired 30 days later.  This Motion is more than a year and a half late.  Because the Motion lacks merit and is untimely, it is DENIED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, October 1, 2020.



Jill A. Otake
United States District Judge

CV 19-00104 JAO-RT; *Rey, et al. v. BSI Financial Services, et al.*; ORDER DENYING PLAINTIFFS' MOTION TO REMAND

---

[1] Plaintiffs have not challenged the existence of diversity jurisdiction. They argue that Defendant removed this case to venue shop and obtain an unfair advantage over them.  However, 28 U.S.C. § 1441(a) expressly authorizes defendants to remove cases over which federal district courts have original jurisdiction.  The diversity jurisdiction statute, *see* 28 U.S.C. § 1332(a), "gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citation and footnote omitted).